**Jack TURCHON and Lenore Turchon, Debtors-Appellees,**

v.

**UNITED STATES of America, Creditor-Appellant.**

No. 86 C 2461.

United States District Court, E.D. New York.

Aug. 26, 1987.

Platzer, Fineberg & Swergold, New York City (Ira L. Herman, of counsel), for debtors-appellees.

Andrew J. Maloney, U.S. Atty., Brooklyn, N.Y. (Igou M. Allbray, Asst. U.S. Atty., Roger J. Olsen, Asst. Atty. Gen., D. Patrick Mullarkey and Kenneth C. Brown, Attorneys, Tax Div., U.S. Dept. of Justice, of counsel), for creditor-appellant.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

This is a bankruptcy appeal by the United States from a bankruptcy court decision which granted the debtors' motion to expunge a proof of claim for $5,847.54 filed by the Internal Revenue Service ("IRS") against the debtors. The claim amount represents unpaid interest on an IRS assessment made pursuant to 26 U.S.C. § 6672 against debtor Jack Turchon. The court has jurisdiction pursuant to 28 U.S.C. § 158(a) and Bankruptcy Rule 8001(a).

The facts as set forth by the parties are in substance as follows. Jack Turchon was president of Measurematic Corporation ("Measurematic"). Measurematic failed to pay over FICA and income taxes withheld from its employees' wages for the third quarter of 1981. Pursuant to § 6672 of the Internal Revenue Code, on March 29, 1982 the IRS made an assessment against Turchon because it deemed him a person responsible for Measurematic's failure to pay the taxes.

Measurematic petitioned for relief under Chapter 11 of the Bankruptcy Code on August 11, 1982. On January 18, 1983 the IRS filed a proof of claim in the proceeding

for $227,526.81 as a secured claim for unpaid FICA, withholding, unemployment and corporate income taxes. Measurematic moved on March 1, 1985 for an order fixing the claim as a secured claim in the amount stated and authorizing payment from the approximately $350,000.00 obtained from Measurematic's sale of its real property. The bankruptcy court by order dated March 26, 1985 granted the motion to fix the claim and ordered Measurematic to pay $227,526.81 to the IRS "in full and final settlement of any and all claims of the Internal Revenue Service against the debtor." Measurematic paid the IRS with a check dated April 11, 1985 and marked "payment in full." Measurematic's total distribution to all secured claimants was $243,943.83.

On January 3, 1983 the debtors-appellees petitioned for relief under Chapter 13 of the Bankruptcy Code. The IRS filed a proof of claim, as amended on June 25, against the debtors for $28,886.56. The claim includes secured claims for unpaid federal income taxes in 1978 and 1979, including interest and penalties, of $23,039.02. The claim also includes the amount disputed here, a secured claim for $5,847.54 in unpaid interest on the March 29, 1982 § 6672 assessment against Turchon, calculated from Measurematic's petition date to the debtors' petition date.

On November 4, 1985 the debtors moved for an order expunging the $5,847.54 portion of the amended proof of claim, arguing that because Measurematic's liability for the employment taxes was ordered paid in full by the bankruptcy court in the Measurematic proceeding, Turchon owes nothing to the IRS for unpaid interest. The United States argued in opposition that Turchon's liability for unpaid interest on the § 6672 assessment was separate and distinct from Measurematic's liability.

The bankruptcy court granted the debtors' motion to expunge. The bankruptcy court found that the sole reason the interest portion of the delinquent taxes was not paid was the government's failure to assert it in the Measurematic proceeding. It held that

The claim as fixed by this court rendered it as the only claim which it could be deemed to have had against Measurematic. There being no further claim recognizable, it cannot be said that there remains a claim against Measurematic which is outstanding, which is delinquent, and which the IRS can now assert against Turchon under 26 U.S.C. Section 6672.

Although Section 6672 provides that the IRS need not pursue collection from the employer prior to assessing a "responsible person," there certainly must first be a liability running from the employer for such taxes. In the instant case, when the IRS filed its claim in Turchon's Chapter 13 case for interest due from his employer, Measurematic, there was no liability running from Measurematic to the IRS for such taxes.

The court further stated that it would be inequitable to hold Turchon liable for the unpaid interest due from his corporation, noting that debtors are entitled to some measure of finality in bankruptcy proceedings.

■ Section 6672 provides that

any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax ... shall ... be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C. § 6672(a). Although the liability set forth in this section is denominated a penalty, it is in fact a tax. *Kelly v. Lethert,* 362 F.2d 629, 633 (8th Cir.1966); *see United States v. Sotelo,* 436 U.S. 268, 275, 98 S.Ct. 1795, 1800, 56 L.Ed.2d 275 (1978). Interest on taxes is part of the tax. 26 U.S.C. § 6601(e)(1).

Appellees point out that the bankruptcy court has the authority to determine the nature and extent of a claim for unpaid taxes. They assert that since the bankruptcy court determined the IRS claim against Measurematic, no further claim exists. The bankruptcy court acknowledged, however, that the interest portion of the

delinquent taxes was not paid. The fact that the bankruptcy court fixed Measurematic's liability to the IRS does not establish that the interest portion of Turchon's tax liability is not still outstanding.

Courts have uniformly held that the liability of a responsible person imposed by § 6672 is separate and distinct from the imposed upon the employer. *Monday v. United States,* 421 F.2d 1210, 1218 (7th Cir.), *cert. denied,* 400 U.S. 821, 91 S.Ct. 38, 27 L.Ed.2d 48 (1970); *Spivak v. United States,* 370 F.2d 612, 615 (2d Cir.), *cert. denied,* 387 U.S. 908, 87 S.Ct. 1690, 18 L.Ed.2d 625 (1967); *Datlof v. United States,* 370 F.2d 655, 656 (3d Cir.1966), *cert. denied,* 387 U.S. 906, 87 S.Ct. 1688, 18 L.Ed.2d 624 (1967); *Kelly, supra,* at 635; *Abramson v. United States,* 48 B.R. 809, 814 (E.D.N.Y.1985). The IRS therefore has no obligation to collect from the employer before assessing a responsible person under § 6672, *Datlof, supra,* and the separate nature of tax liabilities imposed on responsible persons precludes their assertion of a satisfaction of employer liability as a satisfaction of their individual liability. *Monday, supra; see Spivak, supra* (holding government compromise of tax claim against corporation in bankruptcy does not preclude it from subsequent recovery from responsible corporate officers). Therefore, the bankruptcy court erred in holding that absent a liability running from the employer for taxes, Turchon was not liable for unpaid interest on the tax assessment against him.

Appellees further assert that the doctrines of *res judicata,* merger and bar prevent appellant from asserting its claim for interest. However, in light of Turchon's separate and distinct liability for the tax, and the fact that the Measurematic proceeding only involved Measurematic's liability, the bankruptcy court order fixing the IRS claim against Measurematic does not bar the instant claim against Turchon. The bankruptcy court simply did not determine Turchon's independent liability to the IRS, and the IRS had no obligation to first seek to collect from Measurematic.

Appellees also contend that the doctrines of laches and estoppel bar the IRS claim. It is well established that the government is not bound by laches in enforcing its rights. *Chevron, U.S.A., Inc. v. United States,* 705 F.2d 1487, 1491 (9th Cir.1983); *United States v. Weintraub,* 613 F.2d 612, 618 (6th Cir.1979), *cert. denied,* 447 U.S. 905, 100 S.Ct. 2987, 64 L.Ed.2d 854 (1980).

Estoppel requires that the United States have misled appellees to their harm. *Spivak, supra; Abramson, supra,* at 817–18. In view of the separate nature of Measurematic's liability to the IRS and the government's right to pursue responsible persons without attempting collection from the employer, the IRS's decision to accept payment of its claim against Measurematic did not entitle Turchon to assume his liability had been resolved. Moreover, IRS' failure to pursue all available corporate assets before collecting from a responsible person is not a basis for estoppel. *Teel v. United States,* 529 F.2d 903, 906 (9th Cir.1976); *Young v. United States,* 609 F.Supp. 512, 517 (N.D.Tex.1985). The very purpose of § 6672 is to ensure that responsible individuals are as fully liable as a corporation they control for nonpayments of tax.

The bankruptcy court decision is reversed. So ordered.