**John H. HOLLAND,
Plaintiff–Appellant,**

v.

**UNITED STATES of America,
Defendant–Appellee.**

No. 88–1864.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 14, 1989.

Decided May 5, 1989.

John R. Vaught, Oakland, Cal., for plaintiff-appellant.

Gary R. Allen, David English Carmack, and Murray S. Horwitz, Asst. Attys. Gen., Tax Div., Dept. of Justice, Washington, D.C., for defendant-appellee.

Before NORRIS, BEEZER and BRUNETTI, Circuit Judges.

BRUNETTI, Circuit Judge:

John H. Holland appeals from a judgment of the United States District Court for the Eastern District of California holding that a partial payment of delinquent employee withholding and social security taxes would not abate the statutory interest that had accrued on the penalty assessment. We affirm.

The facts are not disputed. The appellant was the sole shareholder and president of Roseville Ford, Inc., a California corporation with approximately sixty employees. Roseville Ford failed to pay its employee

withholding and social security taxes for the second, third, and fourth quarters of 1980. The Internal Revenue Service ("IRS") determined that for the periods involved there were $74,127.07 in unpaid taxes and assessed a penalty against the appellant in that amount pursuant to 26 U.S.C. § 6672.

The appellant disputed the assessment and sent the IRS payments of $2.28, $2.47, and $1.54 for the withholding taxes of one employee for the second, third and fourth quarters of 1980. These payments were credited against the penalty assessment. The following day the appellant filed a separate refund claim for each payment. The IRS denied the refund, and the appellant responded with a tax refund suit for $6.29. The IRS counterclaimed for $74,-120.77, representing the penalty assessment less the partial payments.

A three day trial followed. On the third day of trial the appellant tendered a check for $18,125.63 to the IRS. This was credited against the appellant's penalty assessment, which had grown to over $110,000 with the addition of statutory interest. At the conclusion of trial the district court rendered a judgment against the appellant for $94,856.28, which represented the counterclaim and statutory interest, reduced by the amount of the partial payment. The appellant appeals the computation of the judgment, claiming that the payment of $18,125.63 should have negated any statutory interest that had accrued on that amount.

Section 6672 of the Internal Revenue Code, 26 U.S.C., provides:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable.

The appellant concedes that he falls within the purview of this provision and that he liable for a penalty "equal to the total amount of the tax evaded." He does not dispute that the original penalty assessment of $74,127.07 was equal to the unpaid taxes of Roseville Ford. His argument is that his prejudgment payment was made on behalf of the corporation, and that this payment should have been credited against the original penalty assessment rather than the inflated balance of penalty assessment plus statutory interest. Thus, the appellant claims that the partial payment by the corporation should have abated the interest that had accrued on the penalty assessment.

We are not persuaded. The cases and examples cited by the appellant to support his position are inapposite. There is no indication that Congress intended to waive the interest that accrues on a penalty assessment when a payment is made against the corporate tax liability that gave rise to the assessment. Section 6601(e)(2)(A) provides for the assessment of interest on any assessable penalty. Under § 6672 the appellant was liable for a penalty that was originally equal to the unpaid corporate tax, and interest ran on the penalty pursuant to § 6601. The payment made on the last day of trial was properly credited against this amount.

This is the only logical interpretation of the applicable statutes. Were it otherwise a responsible party could evade corporate taxes with the knowledge that his potential liability could never exceed the initial tax liability, and that any lapse of time between assessment and collection would work to his advantage because interest could not accrue on the penalty. The tax code does not contemplate the interest-free use of government funds.

AFFIRMED.