Charles E. **BRADLEY** and David P. Agnew, Plaintiffs–Appellants,

v.

**UNITED STATES** of America, Defendant–Appellee.

No. 550, Docket 90–6206.

United States Court of Appeals, Second Circuit.

Argued Nov. 26, 1990.

Decided June 24, 1991.

Martin A. Stoll, New York City, for plaintiffs-appellants.

Robert I. Baker, Atty., Tax Div., Dept. of Justice, Washington, D.C. (Shirley D. Peterson, Asst. Atty. Gen., Gary R. Allen, Kenneth L. Greene, Attys., Tax Div., Dept. of Justice, Washington, D.C., Stanley A. Twardy, Jr., U.S. Atty., D.Conn., Hartford, Conn., of counsel), for defendant-appellee.

Before ALTIMARI and MAHONEY, Circuit Judges, and SPRIZZO, District Judge.[*]

MAHONEY, Circuit Judge:

The Internal Revenue Code requires employers to deduct income and social security taxes from their employees' wages, and to hold these sums in trust for the United States. 26 U.S.C. §§ 3102(a), 3402(a), 7501(a) (1988). In addition, 26 U.S.C. § 6672(a) (1988)[1] provides that officers or employees of a corporation who willfully fail to collect and pay over these "trust fund taxes" are liable to a penalty equal to the amount of the delinquent taxes. 26 U.S.C. § 6601(e)(2)(A) (1988)[2] imposes interest on assessable penalties.

This appeal presents the question whether two individuals who were assessed with section 6672(a) penalties are liable for section 6601(e)(2)(A) interest for a period preceding the pertinent employer's payment of delinquent trust fund taxes during which that employer was in bankruptcy. The United States District Court for the District of Connecticut, T.F. Gilroy Daly, *Judge*, found such liability, and we affirm.

---

[*] The Hon. John E. Sprizzo, United States District Judge for the Southern District of New York, sitting by designation.

1. Section 6672(a) provides in relevant part:

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

2. Section 6601 provides in relevant part:

(a) General rule.—If any amount of tax imposed by this title (whether required to be shown on a return, or to be paid by stamp or by some other method) is not paid on or before the last date prescribed for payment, interest on such amount at the underpayment rate established under section 6621 shall be paid for the period from such last date to the date paid.

.     .     .     .     .

(e) Applicable rules.—Except as otherwise provided in this title—

.     .     .     .     .

(2) Interest on penalties, additional amounts, or additions to the tax—

(A) In general.—Interest shall be imposed under subsection (a) in respect of any assessable penalty ... only if such assessable penalty ... is not paid within 10 days from the date of notice and demand therefor, and in such case interest shall be imposed only for the period from the date of the notice and demand to the date of payment.

## Background

From 1979 to 1981, Maxim Industries, Inc. ("Maxim") failed to pay over to the United States $353,458.04 in trust fund taxes relating to employees' wages. Pursuant to section 6672(a), the Commissioner assessed separate penalties, equivalent to the amount of unpaid taxes, against plaintiffs Charles E. Bradley and David P. Agnew. The plaintiffs paid a portion of the penalties and brought this action in district court, seeking a refund and an abatement of the balance of the assessment. The United States counterclaimed, demanding judgment for the balance of the assessment against each plaintiff.

In June 1987, the parties stipulated to dismissal of the action subject to reinstatement (the "1987 Stipulation"). By this time, Maxim had emerged from a period of Chapter 11 reorganization that ran from the filing of a petition for bankruptcy on December 29, 1981 to confirmation of a plan of reorganization on July 22, 1985. The 1987 Stipulation provided in pertinent part:

> 8. Maxim expects to receive funds in the Spring of 1988 and the Spring of 1989 which will be sufficient to pay the [balance] of trust fund taxes plus applicable interest.
>
> 9. If Maxim makes the payments to the [Internal Revenue] Service referred to in paragraph 8 hereof, the Defendant will have collected the entire trust fund liability plus interest, and the Defendant will therefore abate the unpaid part of the assessments made against the Plaintiffs.
>
> NOW, THEREFORE, to avoid a trial of this matter, the parties agree as follows:
>
> 1. This matter shall be dismissed without prejudice, subject to the right of either party to reinstate the case as follows:
>
> .  .  .  .  .
>
> 3. If the amount equal to the total counterclaim, plus interest, has not been paid by Maxim or the Plaintiffs by June 1, 1989, either party may reinstate this case.

In June 1988, Maxim paid the balance of the trust fund taxes and interest for all periods of delinquency except the time during which Maxim was in bankruptcy. On the government's motion and over the plaintiffs' objection, the district court reinstated the action pursuant to the 1987 Stipulation. The plaintiffs moved for summary judgment as to all claims on the ground that there was no valid legal basis for the assessments against them, and the government cross-moved for summary judgment.

The district court denied these motions, whereupon the parties stipulated to the entry of judgment against the plaintiffs for $210,460.68 plus interest, an amount representing the unpaid interest on the trust fund taxes for the period of Maxim's bankruptcy. In this stipulation, the plaintiffs expressly reserved the right to appeal from the reinstatement of the suit and the denial of their summary judgment motion, and the government agreed not to enforce or execute upon the agreed judgment pending the outcome of this appeal. By this procedure, plaintiffs have forgone the opportunity for a trial of the factual issues regarding their status as section 6672(a) responsible persons and willful failure to pay over the trust fund taxes in exchange for immediate appeal of the legal issue presented by this appeal. Cf. *Empire Volkswagen Inc. v. World–Wide Volkswagen Corp.*, 814 F.2d 90, 94 (2d Cir.1987) (plaintiffs allowed to appeal from grant of partial summary judgment to defendant, but lost opportunity for review of remaining claims voluntarily dismissed in order to obtain final appealable judgment).

This appeal followed.

## Discussion

Significantly, the parties have stipulated that Maxim is not required to pay interest on the overdue trust fund taxes for the period that it was in bankruptcy.[3] With

---

**3.** The parties have expressed agreement that the bankruptcy code excuses Maxim's liability for interest on the unpaid taxes during its bankruptcy proceedings. For purposes of this appeal, we

this starting point, the plaintiffs first contend that reinstatement of the suit was improper because the 1987 Stipulation contemplated the satisfaction only of Maxim's liability. They argue that the term "applicable interest" in paragraph 8 refers to Maxim's interest debt, which has been paid.

We agree, however, with the district court, which reasoned as follows:

> The purpose of the stipulation was obviously to resolve the then pending dispute over plaintiffs' potential liability, not Maxim's liability. Absent a specific statement by the parties in the stipulation to the contrary, the most reasonable interpretation of the adjective "applicable" as it is used in the stipulation is as a reference to the interest that plaintiffs themselves would be liable for if they were found to be responsible parties.

This construction is buttressed by subsequent language in the stipulation that allows reinstatement "[i]f the amount equal to the total counterclaim, plus interest, has not been paid by Maxim or the Plaintiffs." The "total counterclaim" sought the full balance of the section 6672(a) assessments against the plaintiffs, and was pled in a lawsuit to which Maxim was not a party. Thus, the parties agreed that the government could reinstate the suit if the plaintiffs (or Maxim in their behalf) failed to satisfy their liability for interest on the section 6672(a) penalties. We consider next the nature and extent of that liability.

Essentially, plaintiffs contend that since Maxim has paid *its* tax liability and related interest, the Internal Revenue Code provides no authority for charging plaintiffs with interest for the period during which Maxim was in bankruptcy. This argument mischaracterizes the legal basis for the assessments against plaintiffs. Strictly speaking, liability under section 6672(a) is not derived from, or dependent upon, an employer's outstanding tax obligation.

Rather, the section imposes a penalty upon persons who fail to perform a specified statutory task.

We have consistently held, therefore, that liability for such a penalty is separate and distinct from the employer's liability for trust fund taxes. *See, e.g., Hochstein v. United States*, 900 F.2d 543, 549 (2d Cir.1990) ("even if [the employer] had sought protection under the bankruptcy laws, the IRS still could have assessed against Hochstein himself a penalty equivalent to any unpaid taxes"); *Spivak v. United States*, 370 F.2d 612, 616 (2d Cir.) ("compromise of the claim against the bankrupt estate of the corporation cannot serve to release the responsible persons from their direct liability under the statute"), *cert. denied*, 387 U.S. 908, 87 S.Ct. 1690, 18 L.Ed.2d 625 (1967); *Rosenberg v. United States*, 327 F.2d 362, 364–65 (2d Cir.1964) (upholding liability of corporate officer under predecessor of section 6672(a) despite expiration of statute of limitations for assessing deficiency against corporate employer); *see also Turchon v. United States*, 77 B.R. 398, 401 (E.D.N.Y.1987) ("the separate nature of tax liabilities imposed on responsible persons precludes their assertion of a satisfaction of employer liability as a satisfaction of their individual liability"), *aff'd mem.*, 841 F.2d 1116 (2d Cir.1988).

We hold that liability for interest that has accrued on a section 6672(a) penalty is similarly independent of an employer's liability for interest. As the Ninth Circuit has explained:

> There is no indication that Congress intended to waive the interest that accrues on a [section 6672(a)] penalty assessment when a payment is made against the corporate tax liability that gave rise to the assessment.

.    .    .    .    .

need not resolve, and express no opinion regarding, this legal conclusion. We note, however, that the weight of authority is to the contrary. *See, e.g., In re Burns (Burns v. United States)*, 887 F.2d 1541, 1543 (11th Cir.1989); *In re Hanna (Hanna v. United States)*, 872 F.2d 829, 831 (8th Cir.1989); *In re King (King v. Tennessee Dep't of Revenue)*, 117 B.R. 339, 342 (Bankr.W.D.Tenn.1990); *In re Woodward (Woodward v. United States)*, 113 B.R. 680, 684 (Bankr.D.Or.1990); *In re Cline (Cline v. Internal Revenue Serv.)*, 100 B.R. 660, 662–63 (Bankr.W.D.N.Y.1989).

Were it otherwise a responsible party could evade corporate taxes with the knowledge that his potential liability could never exceed the initial tax liability, and that any lapse of time between assessment and collection would work to his advantage because interest could not accrue on the penalty. The tax code does not contemplate the interest-free use of government funds.

*Holland v. United States,* 873 F.2d 1321, 1322 (9th Cir.1989); *see also Turchon,* 77 B.R. at 401 ("the bankruptcy court erred in holding that absent a liability running from the employer for taxes, Turchon was not liable for unpaid interest on the tax assessment against him").

Finally, we note that as a matter of policy, the Internal Revenue Service "collects the amount of the unpaid trust fund taxes only once, whether collected in part or in whole from each responsible person and/or the corporate employer." *In re Technical Knockout Graphics, Inc. (United States v. Technical Knockout Graphics, Inc.),* 833 F.2d 797, 799 (9th Cir.1987). That policy is not implicated here, since the judgment entered against the plaintiffs represents the interest accruing during Maxim's bankruptcy period, a period for which Maxim never paid any interest.

### Conclusion

The judgment of the district court is affirmed.