96 F.3d 1451
 78 A.F.T.R.2d 96-6465, 96-2 USTC P 50,521
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re INDIAN WELLS ESTATES, INC., a California corporation;
Indian Mountain Meadows, Inc., a California corporation;
KEM, Inc., a California corporation; VEK, Inc., a
California corporation, Debtors.
David A. GILL, Chapter 11 Trustee; Committee of Creditors
Holding Unsecured Claims, Appellants,
v.
INDIAN WELLS ESTATES, INC., a California corporation;
United States of America, et al., Appellees.
 No. 95-55000.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 9, 1996.
Decided Sep. 03, 1996.
 
 Before: HALL, O'SCANNLAIN, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The Committee of Creditors Holding Unsecured Claims in the Indian Wells Estates, Inc. bankruptcy case (the "Committee") appeals the district court's order, which (1) reversed the bankruptcy court's order denying the United States' motion to reconsider the court's prior order disallowing the entire amount of prepetition interest claimed by the Internal Revenue Service ("IRS"), and (2) remanded to the bankruptcy court to determine the correct amount of interest. The action arose out of the objection filed by Chapter 11 Trustee David Gill to the IRS' proofs of claims for prepetition interest against the bankruptcy estates of Indian Wells and KEM, Inc.
 
 
 3
 * Although the parties do not dispute our subject matter jurisdiction over the appeal, we must consider sua sponte whether we have jurisdiction over this district court judgment, which reverses a bankruptcy court order and remands for further proceedings. See In re Dominguez, 51 F.3d 1502, 1506 (9th Cir.1995) ("this court must consider sua sponte whether it has jurisdiction over this [bankruptcy] appeal"); see also Vylene Enterprises, Inc. v. Naugles, 968 F.2d 887, 889 (9th Cir.1992).
 
 
 4
 In order for this court to assert jurisdiction under 28 U.S.C. § 158(d),[1] the orders of both the bankruptcy court and the district court must be final. In re Stanton, 766 F.2d 1283, 1285 (9th Cir.1985); see also In re Kelly, 841 F.2d 908, 911 (9th Cir.1988). Here, the bankruptcy court's order (allowing the tax claims as unsecured priority claims and disallowing prepetition interest) was final because it "left nothing to be resolved" and "ended the adversary proceeding." Stanton, 766 F.2d at 1286. The more difficult question is whether the district court's reversal and remand constituted a final order that may be appealed to this court. Id.
 
 
 5
 To determine the finality of an order under 28 U.S.C. § 158(d), this court balances the following considerations: (1) need to avoid piecemeal litigation; (2) judicial efficiency; (3) systemic interest in preserving bankruptcy court's role as fact-finder; and (4) whether delaying review would cause either party irreparable harm. In re Lakeshore Village Resort, Ltd., 81 F.3d 103, 106 (9th Cir.1996) (citing Vylene, 968 F.2d at 895-96); see In re Stanton, 766 F.2d 1283, 1287 (9th Cir.1985) ("[if] we take jurisdiction before [the remand for factual development] is concluded, we interfere with the bankruptcy court's fact-finding role.... [and] we are likely to be faced with an inadequate factual record, making it difficult to identify the controlling legal issues").
 
 
 6
 A district court's order is ordinarily not final " 'when the district court remands for further factual findings related to a central issue raised on appeal.' " In re United Ins. Mgmt., Inc., 14 F.3d 1380, 1384 (9th Cir.1994) (quoting Bonner Mall Partnership v. U.S. Bancorp Mortgage Co., 2 F.3d 899, 904 (9th Cir.1993), dismissed as moot, 115 S.Ct. 386 (1994) (dismissing as moot, but declining to vacate Ninth Circuit opinion)). However, we will " 'assert jurisdiction even though a district court has remanded a matter for factual findings on a central issue if that issue is legal in nature and its resolution either (1) could dispose of the case or proceedings and obviate the need for factfinding; or (2) would materially aid the bankruptcy court in reaching its disposition on remand.' " Id. (quoting Bonner, 2 F.3d at 904).
 
 
 7
 Here, the bankruptcy court eventually received the information it needed to determine the amount of interest; the legal issue presented on appeal is whether the bankruptcy court erred in disallowing statutorily mandated prepetition interest on the ground that the IRS submitted its explanation of the interest computations in a motion for reconsideration. The remand to the bankruptcy court is limited to the determination of the correct amount of interest. See David G. Epstein et al., Bankruptcy § 12-12, at 884 (West 1993) (footnote omitted) ("examples of final orders [include] an order allowing a claim, even if the actual amount to be realized by the claim is undetermined").
 
 
 8
 Since the resolution of whether a bankruptcy court has the discretion to disallow prepetition interest on allowed tax claims involves a purely legal issue that is not dependent on the factual determinations required by the remand, the "policies of avoiding piecemeal appeals and enhancing judicial economy" weigh in favor of our assertion of jurisdiction. See In re DeMarah, 62 F.3d 1248, 1250 (9th Cir.1995) (quoting In re Kelly, 841 F.2d 908, 911 (9th Cir.1988)) ("If the matters on remand concern primarily factual issues about which there is no dispute, and the appeal concerns primarily a question of law, then the 'policies of judicial efficiency and finality are best served by our resolving the question now.' "); see also In re Fox, 762 F.2d 54, 55 (7th Cir.1985) (citations omitted) (district court's remand order is final "if all that remains to do on remand is a purely mechanical, computational, or in short 'ministerial' task, whose performance is unlikely either to generate a new appeal or to affect the issue that the disappointed party wants to raise on appeal from the order of remand").
 
 
 9
 In short, we conclude that the district court's order is final and appealable.
 
 II
 
 10
 The bankruptcy court denied the IRS' motion for reconsideration of the court's interest ruling, concluding that a motion for reconsideration was not the appropriate means of explaining the interest computations. The district court reversed, holding that the bankruptcy court abused its discretion in denying prepetition interest because (1) the IRS' motion for reconsideration properly sought the correction of a clear error of law; (2) IRC section 6601 mandates the award of prepetition interest as a matter of law (citing Purcell v. United States, 1 F.3d 932, 943 (9th Cir.1993)); and (3) the bankruptcy court had before it all the information necessary to verify the amounts of interest claimed.[2]
 
 
 11
 On appeal, the Committee argues that (1) the bankruptcy court did not abuse its discretion in denying the motion for reconsideration; (2) the district court's reliance on Purcell is misplaced; and (3) the IRS did not meet its burden of proving liability for the interest claimed. We are not persuaded.
 
 
 12
 * As a threshold matter, contrary to the bankruptcy court's characterization of the IRS' motion as arising under Federal Rule of Civil Procedure 60 (relief from order), the IRS' motion was actually brought under Bankruptcy Rule 9023, which provides that Federal Rule of Civil Procedure 59 governs motions for a new trial and amendment of judgment.[3] See Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 174 (5th Cir.) (in contrast to Rule 60, "in order to reopen a case under Rule 59(e) on the basis of evidentiary materials that were not timely submitted, the mover need not first show that her default was the result of mistake, inadvertence, surprise, or excusable neglect or that the evidence is such as to show that the judgment was manifestly wrong"), reh'g denied with opinion, 920 F.2d 259 (5th Cir.1990), cert. denied, 114 S.Ct. 171 (1993). The IRS sought correction of a clear error of law and Rule 59 empowers a court to "take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment." Fed.R.Civ.P. 59(a).
 
 
 13
 Despite protesting that the IRS' motion was not an appropriate means of challenging the court's prior rulings on the interest award, the court nonetheless considered the motion appropriate as a means of correcting the court's erroneous ruling on the priority status of the tax claims. The bankruptcy judge stated: "I find that I did make a mistake of law with regards to priority, and it should be allowed as a priority claim."
 
 
 14
 The Committee argues that the bankruptcy court was simply not persuaded by the explanation of the interest calculations provided by the IRS in its motion for reconsideration. In contrast, the IRS contends that the bankruptcy court did not even consider the supplementary information contained in its motion for reconsideration. The language of the bankruptcy court's order supports the IRS' position. In explaining its ruling, the bankruptcy court makes no mention of the merits of the materials submitted by the IRS regarding interest:
 
 
 15
 The government had two chances to provide that--those interest calculations to me the first time and at the second hearing, and they didn't do it. And this is not an appropriate wa[y] of getting a third bite at the apple. So ... I am not modifying the amount of the claim with regards to interest.
 
 
 16
 Furthermore, the supplemental materials contained in the IRS' motion for reconsideration are responsive to the bankruptcy court's request for substantiation of the IRS' computation of the interest amounts. The computer printouts and Martin's accompanying explanation indicate (1) the applicable interest rates for each time period under 26 U.S.C. § 6621(a)(2); (2) the original amounts subjected to the rates; and (3) the final calculation of interest owed.
 
 
 17
 The IRS' calculation of the total interest owed by KEM exactly matches the amount originally claimed by the IRS in its proof of claim; however, the IRS' calculation of the total interest owed by Indian Wells is $9,913.01 less than the amount originally claimed by the IRS in its proof of claim. The IRS submits that the lower figure is the accurate one and explains that the discrepancy is "due to errors by the person preparing the proof of claim, not due to errors in the computer program."
 
 B
 
 18
 The Committee's contention that the district court erred in relying on Purcell lacks merit. Section 6601(a) of the Internal Revenue Code plainly provides:
 
 
 19
 If any amount of tax imposed by this title ... is not paid on or before the last date prescribed for payment, interest on such amount at the underpayment rate established under section 6621 shall be paid for the period from such last date to the date paid.
 
 
 20
 26 U.S.C. § 6601(a). Section 6621(a)(2) establishes the general underpayment rate as the sum of the federal short-term rate and three percentage points. Id. § 6621(a)(2). The rate is compounded daily. Id. § 6622.
 
 
 21
 This court has held that a district court may not exercise discretion in the awarding of interest required by section 6601. "The district court was faced with a binding statutory directive to allow interest to the government.... The court was not required--indeed, was not permitted--to exercise its discretion regarding the award of interest." Purcell, 1 F.3d at 943; see Matter of Cabazon Indian Casino, 57 B.R. 398, 403 (9th Cir. BAP 1986) ("Under Section 6601, payment of interest on the underpayment of tax is required. There is no provision in the statute for an exception."); accord Paul Revere Life Ins. Co. v. Brock, 28 F.3d 551, 553-54 (6th Cir.1994).
 
 
 22
 The Committee is correct that Purcell did not involve a dispute over the amount of interest due; instead, Purcell addressed the issue of whether the trial court erred in deciding as a matter of law when notice and demand of the claims occurred instead of allowing the jury to decide. Purcell, 1 F.3d at 942. The Purcell court concluded that the trial court erred by deciding the question of notice and demand as a matter of law. Nonetheless, this court declined to vacate the trial court's award of interest to the government, citing Purcell's effective concession "that the computer printout and declaration submitted by the government upon the granting of its motion to reopen establish beyond question that notice and demand was mailed on the day assessment was made against Purcell." Id. at 943. The court concluded that a new trial would be unnecessary, since the government "will simply trot out the evidence it submitted only belatedly the first time around." Id.
 
 
 23
 In sum, Purcell plainly compels the conclusion that the bankruptcy court here lacked the discretion to disallow prepetition interest owed to the IRS. See Purcell, 1 F.3d at 943 ("[T]he trial court was plainly divested of discretion with respect to the government's entitlement to interest by section 6601(e)(2)(A) of the Tax Code."); see also Holland v. United States, 873 F.2d 1321, 1322 (9th Cir.1989) ("The tax code does not contemplate the interest-free use of government funds."). In addition, contrary to the Committee's assertion that the IRS did not "trot out" sufficient substantiation of its interest computations, the documents in support of the IRS' motion for reconsideration provide specific, detailed explanations of the interest at issue.
 
 C
 
 24
 Finally, we reject the Committee's contention that the IRS failed to meet its burden of proof on the award of interest.
 
 
 25
 A proof of claim for interest filed under 11 U.S.C. § 501 constitutes "prima facie evidence of the validity and amount of the claim," see Bankr.R. 3001(f), and is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). The evidentiary burden of Bankruptcy Rule 3001(f) requires the objector to come forward with evidence contradicting the validity or amount of the claim. Global Western Dev. Corp. v. Northern Orange County Credit Serv., Inc., 759 F.2d 724, 727 (9th Cir.1985). Provided that the objector produces sufficient evidence to overcome the prima facie effect of the proof of claim, the ultimate burden will revert to the claimant. In re Holm, 931 F.2d 620, 623 (9th Cir.1991) (citing L. King, 3 Collier on Bankruptcy p 502.02, at 502-22 (15th ed. 1991)) (proof of claim is strong enough to carry over mere formal objection); see In re MacFarlane, 83 F.3d 1041, 1045 (9th Cir.1996) (ultimate burden in bankruptcy lies with creditor even if creditor is government taxing authority).
 
 
 26
 Here, the IRS filed proofs of claim that listed the exact amounts of interest attributed to its tax claims against Indian Wells and KEM, respectively. The Committee argues that these proofs of claim did not accord prima facie validity because they failed to specify the amount and basis of the claims.[4] The Committee's argument lacks merit because even if the IRS did not initially provide an adequate explanation of all of the claims, it is undeniable that (1) the IRS initially specified the amounts of interest due and later substantiated these amounts by providing detailed computer printouts and an accompanying explanation by an IRS expert in the field; and (2) the bankruptcy court eventually conceded the validity and priority status of the IRS' tax claims upon which the interest amounts were based, thus making the determination of interest (a) mandatory under section 6601 and (b) purely a matter of performing the mathematical calculation on the underlying claim to determine the correct amount due.
 
 
 27
 By refusing to award interest under section 6601, the bankruptcy court erred as a matter of law. In denying the IRS' motion for reconsideration, the bankruptcy court abused its discretion. Accordingly, the district court did not err in reversing the bankruptcy court's order and remanding for determination of the interest amounts due.
 
 
 28
 AFFIRMED.
 
 KLEINFELD, Circuit Judge, dissenting:
 
 29
 I respectfully dissent.
 
 
 30
 I agree with the majority that we have jurisdiction, and that interest was mandatory and not discretionary. But in my opinion the bankruptcy judge acted within his discretion in deciding that, after the IRS failed twice to show the basis for its interest calculation, a post-judgment motion for reconsideration "is not an appropriate way of getting a third bite at the apple."
 
 
 31
 We affirmed a bankruptcy court denial of a motion for reconsideration under what has become Bankruptcy Rule 9023 in Frederick S. Wyle P.C. v. Texaco, Inc., 764 F.2d 604 (9th Cir.1984). We said, regarding newly discovered evidence, that "the movant is 'obliged to show not only that this evidence was newly discovered or unknown to until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence at the hearing." Id. at 609 (emphasis in original) (citation omitted); see also Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., 833 F.2d 208, 211-12 (9th Cir.1987) (under Rule 59, in order to establish an abuse of discretion, movant must show that the new evidence "consisted of 'newly discovered evidence' "). The out of circuit case, Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167 (5th Cir.1990), does not control. I do not think it makes much sense to let losing parties have a judgment vacated based on evidence or argument they could have and should have put before the court before judgment.
 
 
 32
 The judge told the IRS, "I don't understand what the numbers are and where they come from." The IRS should have then provided a computation answering his question. It did not, and offered no excuse why not. As it turned out, the IRS numbers were wrong, and, the IRS subsequently admitted, overstated the amount of interest, albeit by only about $10,000.
 
 
 33
 The majority is correct that under Purcell v. United States, 1 F.3d 932 (9th Cir.1993), interest is mandatory, but as we recognized in that case, the IRS had to satisfy procedural requirements in order to obtain the mandatory interest. See id. at 943. Reversal of the burden of proof in tax cases does not avoid the need to meet procedural requirements. I agree with the majority that a proof of claim "executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim," Bankr.R. 3001(f). A proof of claim must "set forth all the necessary facts to establish a claim." In re Holm, 931 F.2d 620, 623 (9th Cir.1991).
 
 
 34
 The proof of claim filed by the IRS does not state what interest rate or rates the IRS used, nor does it state the time periods during which various rates of interest accrued. A tax specialist might keep the rates, a complex function of the "federal short term rate" varying by month or quarter, in a desk drawer for the last ten years or so, or on a spreadsheet template. Such an individual, if entirely familiar with IRS procedures, might be able to figure out what rates the IRS should have used, and run the principal amounts and dates of assessment through a spreadsheet to determine whether the IRS had done it right. No one else could have checked the calculation or discovered the IRS error.
 
 
 35
 The bankruptcy judge gave the IRS a second chance to explain the computation. It did not do so. Instead it asked for a third chance after the case went to judgment. Parties should generally prove their case before it goes to judgment. I think the bankruptcy judge was within his discretion in holding the IRS to that generally applicable procedural principle.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 Section 158(d) grants this court jurisdiction to hear appeals "from all final decisions, judgments, orders, and decrees" entered by a district court or a bankruptcy appellate panel on appeal from a bankruptcy court. 28 U.S.C. § 158(d)
 
 
 [2]
 We review de novo the district court's decision on appeal from a bankruptcy court. In re Siragusa, 27 F.3d 406, 407 (9th Cir.1994). Thus, we apply the same standard of review applied by the district court. Id. at 407-08. The bankruptcy court's findings of fact are reviewed for clear error and its conclusions of law are reviewed de novo. In re Weisman, 5 F.3d 417, 419 (9th Cir.1993). The bankruptcy court's denial of a motion for reconsideration is reviewed for abuse of discretion. In re Eastport Associates, 114 B.R. 686, 693 (C.D.Cal.1990) (citing Balla v. Idaho State Board of Corrections, 869 F.2d 461, 464 (9th Cir.1989)), aff'd, 935 F.2d 1071 (9th Cir.1991)
 
 
 [3]
 Since the IRS filed its motion (Feb. 2, 1993) within 10 days of the entry of judgment (Jan. 26, 1993), the motion falls under Rule 59(e)
 
 
 [4]
 The Committee's reliance on In re A.H. Robins Co., Inc., 862 F.2d 1092, 1095 (4th Cir.1988), reh'g granted in part sub nom. Bendall v. A.H. Robins Co., Inc., 871 F.2d 465 (4th Cir.1989), is misplaced. Unlike the IRS' proof of claim here, the defective proof of claim in A.H. Robins consisted of "the bare statement of an intention to make a claim." 862 F.2d at 1096. In any case, even though the Fourth Circuit found fault with such a bare claim, the court emphasized that the statement could "qualify as an 'informal claim' entitling the claimant thereafter to file a perfecting valid proof of claim." Id