T.C. Summary Opinion 2011-100


UNITED STATES TAX COURT


CHRISTOPHER PETERSON JOHNSON, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8607-10S.                    Filed August 15, 2011.


Christopher Peterson Johnson, pro se.

Nicholas J. Singer, for respondent.


DEAN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue.

The petition was filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330.  Pursuant to section 6330(d), petitioner seeks review of respondent's proposed levy action.  The issues for decision are whether:  (a) Petitioner may challenge the existence or amount of the underlying tax liability; (b) petitioner is entitled to an abatement of interest on his tax liability; and (c) respondent's determination to proceed with collection action was an abuse of discretion.

Background

All of the facts have been stipulated and are so found.  The stipulation of facts and the attached exhibits are incorporated herein by reference.  When the petition was filed, petitioner resided in California.

Petitioner's Tax Liability

On May 8, 2006, the Internal Revenue Service (IRS) assessed trust fund recovery penalties (TFRPs) against petitioner for taxes related to Pier Electronics, Inc. (Pier), for the quarterly periods ending (QE) September 30 and December 31, 2004, and March 31, 2005.  The IRS assessed TFRPs of $36,458.33 for QE September 30, 2004, $26,750.51 for QE December 31, 2004, and $12,681.56 for QE March 31, 2005.

On April 1, 2008, IRS Appeals rejected petitioner's offer-in-compromise (OIC) based on doubt as to liability with respect

to the TFRPs that are the subject of this action. Almost 2 years after the assessments, on April 21, 2008, the IRS abated the TFRPs for the three quarterly periods.

In November 2008 the IRS sent to petitioner Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing (final notice). The final notice referenced the three quarterly periods at issue, listing the assessed balance as zero for the third quarter of 2004 and the first quarter of 2005 and as $11,139.50 for the last quarter of 2004. The final notice also listed accrued interest for all three quarters. In a December 2008 letter the IRS advised petitioner that in view of tax payments made by Pier, the TFRPs for the three quarters at issue had been abated. But the letter further informed petitioner that "The payments were made after the trust fund recovery penalties were assessed. Therefore, you owe interest on the penalties."

Petitioner timely filed a Form 12153, Request for a Collection Due Process or Equivalent Hearing, in which he proposed an OIC based on doubt as to liability. During the section 6330 hearing petitioner argued that since the underlying trust fund taxes had been paid, he had no further liability; the 2008 abatement of the 2006 assessment of the TFRPs vitiated his liability for interest on the TFRPs. Petitioner proposed no collection alternatives. The only issue petitioner raised in his

petition was that the IRS may not collect from him the interest accrued on the TFRPs between the time of assessment and the time of payment of the related tax.

## Discussion

Section 6330 generally provides that the Commissioner cannot proceed with collection by way of a levy until the taxpayer has been given notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and that, if dissatisfied, the person may obtain judicial review of the administrative determination. See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000). The taxpayer requesting the hearing may raise any relevant issue with regard to the Commissioner's intended collection activities, including spousal defenses, challenges to the appropriateness of the collection action, and offers of collection alternatives. Sec. 6330(c); Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, supra at 180.

Where the validity of the tax liability is not properly part of the appeal, the taxpayer may challenge the determination of the Appeals officer for abuse of discretion. Sego v. Commissioner, supra at 609-610; Goza v. Commissioner, supra at 181-182. The taxpayer may raise challenges "to the existence or amount of the underlying tax liability", however, only if he "did not receive any statutory notice of deficiency for such tax

liability or did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B).

<u>Previous Opportunity To Dispute</u>

An opportunity to dispute a liability includes an opportunity for an Appeals conference either before or after the assessment of the liability. Sec. 301.6330-1(e)(3), Q&A-E2, Proced. & Admin. Regs. A person may not raise an issue at the hearing under section 6330 if the issue was raised at any previous administrative hearing in which the person meaningfully participated. Sec. 6330(c)(4)(A).

Petitioner submitted an OIC with respect to the present TFRPs raising the issue of doubt as to liability before his section 6330 hearing. Respondent rejected petitioner's OIC. Petitioner argues that he contested his liability for the TFRPs, not the interest on the TFRPs. Except, however, with reference to deficiency procedures, under section 6601(e)(1), Interest Treated as Tax, references to underpaid "tax" include interest on the tax.[1] <u>Montgomery v. Commissioner</u>, 122 T.C. 1, 8 (2004); <u>Fransen v. Commissioner</u> T.C. Memo. 2007-237 n.5.

Because petitioner had an opportunity, and took the opportunity, to challenge his liability for the underlying tax at the Appeals level before the assessment of the tax, he may not do

---

[1]The term "tax" also includes additions to tax, additional amounts, and penalties. Sec. 6665(a)(2).

so again in a section 6330 hearing or in this Court.[2]  <u>Lewis v. Commissioner</u>, 128 T.C. 48 (2007) (holding valid section 301.6330-1(e)(3), Q&A-E2, Proced. & Admin. Regs.); see also <u>Orian v. Commissioner</u>, T.C. Memo. 2010-234 (receipt of notice of section 6672 assessment is opportunity to contest underlying liability).

<u>Abuse of Discretion</u>

The second issue for the Court to decide is whether respondent abused his discretion in determining to pursue the intended collection action.

An abuse of discretion is a decision based on an erroneous conclusion of law or where the record contains no evidence on which a decision could rationally have been based.  <u>Premium Serv. Corp. v. Sperry & Hutchinson Co.</u>, 511 F.2d 225, 229 (9th Cir. 1975).  Because petitioner did not challenge the appropriateness of the collection action or present viable alternatives to collection, the Court finds that respondent's determination to pursue the intended collection action was not an abuse of discretion.

---

[2]Sec. 6404 does not allow for an abatement of petitioner's interest.  The issue that petitioner wishes to raise has been addressed and decided contrary to his position.  Interest on the sec. 6672 penalty accrues by operation of statute.  Sec. 6601(e)(2).  Because the statute makes the imposition of interest mandatory, respondent <u>must</u> assess interest on the sec. 6672 penalty as of the last date prescribed for payment until the penalty is paid in full.  See <u>Holland v. United States</u>, 873 F.2d 1321, 1322 (9th Cir. 1989); <u>Ghandour v. United States</u>, 37 Fed. Cl. 121, 127 (1997); see also <u>Bradley v. United States</u>, 936 F.2d 707 (2d Cir. 1991).

To reflect the foregoing,

Decision will be entered

for respondent.