**Edmond and Anna GHANDOUR,
Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 93–658T.**

United States Court of Federal Claims.

Jan. 7, 1997.

Frank R. Bailey, III, Santa Rosa, California, attorney of record for plaintiffs.

Michael F. Cox, Washington, D.C., with whom was Assistant Attorney General Loretta C. Argrett, for defendant.

OPINION

REGINALD W. GIBSON, Senior Judge:

**INTRODUCTION**

Following the trial of this tax refund suit, the court found that Edmond Ghandour was liable for the penalty assessed against him pursuant to 26 U.S.C. (I.R.C.) § 6672(a) (1994),[1] to the Internal Revenue Service

---

1. Section 6672(a) provides in pertinent part:

    Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or

(IRS) for willfully failing to withhold and pay over the payroll taxes of Knots, Inc. (Knots), a toy and game manufacturing company which plaintiffs founded and in which they served as officers. The IRS now seeks to collect the penalty assessed against Edmond Ghandour, in addition to the statutory interest accruing thereon. Plaintiff Edmond Ghandour contends that the amount for which he is liable is limited to the balance reported on the Certificate of Assessments and Payments, plus statutory interest accruing thereafter. The government, however, argues that the balance reflected on the Certificate of Assessments does not include accrued, but unassessed, interest to which the government is entitled.

This case is currently before the court on the parties' cross-motions for partial[2] summary judgment, pursuant to RCFC 56(c). Because we find no dispute concerning any genuine issue of material fact, the court concludes that this issue may be appropriately decided on partial summary judgment motions. Moreover, given the record before the court, we further find that the defendant is entitled to partial summary judgment as a matter of law for the reasons discussed hereinafter. Therefore, defendant's motion for partial summary judgment is granted, and plaintiff's cross-motion is denied.

## BACKGROUND

Edmond and Anna Ghandour founded Knots, a toy and game manufacturing company, in 1978 or 1979. Throughout the fourth quarter of 1981 and the first quarter of 1982, Knots failed to collect and pay over the payroll taxes of its employees to the IRS.[3] Accordingly, the IRS assessed a penalty pursuant to I.R.C. § 6672(a) against Edmond and Anna Ghandour. The Certificate of Assessments and Payments (Certificate of Assessments) for Edmond Ghandour, certified on December 3, 1993, indicates that on April 8,

1985, the IRS assessed $66,059.74 for the fourth quarter of 1981 and $16,139.84 for the first quarter of 1982, for a total of $82,199.58. In addition, said certificate indicates that the IRS assessed $15,828.45 in interest on December 15, 1986, against Edmond Ghandour. No additional interest owed by Edmond Ghandour is reflected in the Certificate of Assessments. The IRS also assessed a penalty in the same amount against Anna Ghandour on April 8, 1985, with interest in the amount of $15,649.44 assessed as of December 8, 1986. The Certificate of Assessments for Edmond Ghandour further indicates that between January 1991 and June 1993, Mr. Ghandour made several payments (including credits applied from other tax returns) totalling $53,594.52 towards the assessments made against him. Anna Ghandour made a single payment of $300 on June 8, 1993, towards her assessment. The Certificate of Assessments against Edmond Ghandour reflects an amount of $44,123.51 as the balance owed. This balance takes into account the payments made by both Edmond and Anna Ghandour towards the penalty and interest assessed.

A trial was held in San Francisco, California, on May 14–16, 1996, to resolve the issue of plaintiffs' liability. The court found that Edmond Ghandour was under a duty to collect and pay over to the IRS the payroll taxes of Knots and that he willfully failed to do so, but that Anna Ghandour was not under any such duty. Therefore, defendant was entitled to judgment for the balance of the penalty due from Edmond Ghandour, but not from Anna Ghandour, for both the 4th quarter of 1981 and the 1st quarter of 1982. The parties were subsequently ordered to file a joint stipulation for the entry of judgment by August 15, 1996, stating the amount of judgment to be entered in defendant's favor pursuant to the court's rulings. The parties were able to stipulate to the amount

---

defeat any such tax or payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.
I.R.C. § 6672(a).

**2.** The issue presented by these motions is the only remaining issue to be resolved in this case.

**3.** The facts of this case are discussed at length in the court's opinion dated July 8, 1996. *See Ghandour v. United States,* 36 Fed.Cl. 53 (1996).

to be refunded to Anna Ghandour,[4] but were unable to reach an agreement as to the amount owed by Edmond Ghandour. Consequently, the government filed a Motion for Entry of Judgment as to Edmond Ghandour, pursuant to RCFC 58, on August 7, 1996. In its motion, the government requested that the court enter judgment against Edmond Ghandour in the amount of $167,643.57 consisting of $82,199.58 of penalty under I.R.C. § 6672(a) and $85,443.99 of accrued statutory interest, in addition to interest on the judgment pursuant to 28 U.S.C. § 1961(c)[5] until paid. The court has stayed ruling on said motion pending resolution of the parties' cross-motions for partial summary judgment.

## CONTENTS OF THE PARTIES

### A. Defendant

Defendant was the initial party to move for partial summary judgment. In its motion, filed August 26, 1996, the government maintains that it is entitled to all interest that has accrued on the I.R.C. § 6672 penalty, from the date of its assessment, *i.e.*, April 8, 1985, against Edmond Ghandour. More specifically, avers defendant, the government is entitled to interest pursuant to I.R.C. § 6601[6] that has accrued from the date of notice and demand of payment, at the underpayment rate, pursuant to I.R.C. § 6621,[7] which is compounded daily as required by I.R.C. § 6622.[8] Further, alleges defendant, interest on an assessed penalty stops accruing only when the taxpayer makes a payment in *complete* satisfaction of both the penalty assessed and the accrued interest.

Defendant further argues that plaintiff's reliance on the Certificate of Assessments and Payments is unfounded. Defendant alleges that because interest is imposed on an assessed penalty by operation of law "the extent to which the Certificate of Assessments and Payments underreports statutory interest, it cannot be the basis for determining plaintiff's liability."[9] Furthermore, de-

---

4. Upon this court's finding that she was not liable for the I.R.C. § 6672(a) penalty, the parties stipulated that Anna Ghandour would be refunded the $300 payment, plus interest due her. However, we note that, while Edmond Ghandour has signed the Stipulation for Judgment as to Anna Ghandour, Mrs. Ghandour has not.

5. 28 U.S.C. § 1961(c) states in pertinent parts:
   (c)(1) ... Interest shall be allowed in such cases[, internal revenue tax cases,] at the underpayment rate ... established under section 6621 of the Internal Revenue Code of 1986.
   * * * * * *
   (3) Interest shall be allowed, computed, and paid on judgment of the United States Court of Federal Claims only as provided in paragraph (1) of this subsection or in any other provision of law.
   28 U.S.C. § 1961(c).

6. Section 6601 states in relevant parts:
   (a) General rule.—If any amount of tax imposed by this title ... is not paid on or before the last date prescribed for payment, interest on such amount at the underpayment rate established under section 6621 shall be paid for the period from such last date to the date paid.
   * * * * * *
   (e) Applicable rules.—except as otherwise provided in this title—
   * * * * * *
   (2) Interest on penalties, additional amounts, or additions to the tax.—

(A) In general.—Interest shall be imposed under subsection (a) in respect of any assessable penalty....
I.R.C. § 6601(a) and (e)(2)(A).

7. Section 6621(a) provides in pertinent parts:
   (a) General rule.—
   * * * * * *
   (2) Underpayment rate.—The underpayment rate established under this section shall be the sum of—
   (A) the Federal short-term rate determined under subsection (b), plus
   (B) 3 percentage points.
   I.R.C. § 6621(a).

8. Section 6622(a) provides in relevant part:
   (a) General rule.—In computing the amount of any interest required to be paid under this title ... by the taxpayer, ... such interest ... shall be compounded daily.
   I.R.C. § 6622(a).

9. Defendant's Reply Brief in Support of Its Motion for Partial Summary Judgment and in Opposition to Plaintiff's Cross–Motion for Partial Summary Judgment, filed October 21, 1996 (Def. Reply Br.), at 3.

fendant contends that the Certificate of Assessments and Payments does not take into consideration accrued interest that has not been assessed. In this regard, defendant charges that the balance reflected on the Certificate of Assessments and Payments takes into consideration only the interest that was assessed on December 15, 1986, for $15,818.45. This amount, claims defendant, obviously does not include "all of the interest that accrued from April 8, 1985 to December 3, 1993, on a balance of $82,199.58." [10] For these reasons, concludes defendant, it is entitled to summary judgment as a matter of law.

### B. Plaintiff

In response, plaintiff Edmond Ghandour counters that the government is entitled to interest pursuant to I.R.C. §§ 6621 and 6622, on the balance, i.e., $44,123.51, reflected on the Certificate of Assessments and Payments, as of December 3, 1993. According to plaintiff, the Certificate of Assessments and Payments operates as an admission of plaintiff's liability because the government signed the certificate swearing that the information contained therein "is a true and complete transcript, for the period stated, of all assessments, penalties, [and] interests...." Consequently, alleges plaintiff, the government admitted that the balance of $44,123.51 is inclusive of all payments owed as of December 3, 1993, and, therefore, concludes plaintiff, the government "cannot recalculate that liability as of that date...." [11]

Plaintiff also charges that the Certificate of Assessments and Payments includes both assessed and unassessed interest which has accrued on the penalty. Plaintiff avers that the Certificate of Assessments and Payments itself states that the information contained therein includes all interest as reflected in the records of the Office of the District Director. Plaintiff, pointing to an Internal Revenue Manual section, asserts that because the IRS can obtain a transcript of all accrued interest when evaluating an offer-in-compromise, the records referred to in the Certificate of Assessments must also include similarly readily available transcripts regarding all accrued interest, both assessed and unassessed. For the foregoing reasons, plaintiff Edmond Ghandour opposes the entry of partial summary judgment on behalf of defendant and seeks the same on his behalf.

### DISCUSSION

### A. Summary Judgment Standards

Summary judgment is appropriate when there is no dispute over any genuine issue of material fact and the movant is entitled to judgment as a matter of law. RCFC 56. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). When considering a motion for summary judgment, the court must view the evidence and all factual inferences in the light most favorable to the non-moving party. Litton Indus. Prod., Inc. v. Solid State Sys. Corp., 755 F.2d 158, 163 (Fed.Cir.1985). The moving party bears the initial burden of showing that there are no genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The movant may discharge its burden by "pointing out ... that there is an absence of evidence to support the non-moving party's case." Sweats Fashions, Inc. v. Pannill Knitting Co., 833 F.2d 1560, 1563 (Fed.Cir.1987). If the movant succeeds in satisfying its burden, the non-movant must then demonstrate, by appropriate evidence, the existence of a genuine issue of material fact. Beauchamp Constr. Co. Inc. v. United States, 14 Cl.Ct. 430, 435 (1988). With the following considerations firmly in mind, we turn to the parties' cross-motions for partial summary judgment.

10. Def. Reply Br. at 4.

11. Opposition and Cross–Motion of Plaintiff Edmond Ghandour to Motion of the United States for Partial Summary Judgment, filed October 4, 1996 (Pl.Br.), at 4. Plaintiff further alleges that certain computer printouts by TAXCOMP 2.10 used to compute interest is inadmissible hearsay. As discussed infra, any evidentiary question in this regard is irrelevant because interest accrues by operation of law, and is not something the government must prove.

The first step in considering a motion for summary judgment is to ascertain whether any genuine issues as to a material fact are present. To evaluate whether a factual dispute is material, one must look to the legal standards applicable to the subject of the suit. Only legally significant facts, *i.e.*, those that would change the outcome of the litigation, are deemed material. If it is determined that no genuine issues of material fact are in dispute, the court is then in a position to decide whether the moving party is entitled to judgment as a matter of law. Because we can find no genuine issues of material fact on this record, we conclude that, based on the legal standards applicable to the subject at issue, defendant is entitled to judgment as a matter of law.

*B. Analysis*

■ The issue to be decided on the cross-motions at bar turns on whether or not as a matter of law the government's recovery is limited to the balance reflected on Form 4340, the Certificate of Assessments and Payments (Certificate of Assessments or Form 4340), plus statutory interest accruing thereafter. Resolution of this issue is readily achieved upon application of the relevant statute, *i.e.*, I.R.C. § 6601. For purposes of completeness, we begin by addressing plaintiff's assertion that the Certificate of Assessments takes into consideration accrued, though unassessed interest and operates as an admission of *all* interest owed by the plaintiff as of the date of said certificate's certification, *i.e.*, December 3, 1993. We note, however, that to the extent that there may be a factual dispute with regard to our interpretation of the significance of the Certificate of Assessments, it is not material given the controlling language of I.R.C. § 6601, which alone is dispositive of the issue presented here.

■ A Certificate of Assessments is generally regarded as sufficient evidence to establish that assessments were properly made against the taxpayer, absent evidence to the contrary. *Geiselman v. United States*, 961 F.2d 1, 5 (1st Cir.), *cert. denied*, 506 U.S. 891, 113 S.Ct. 261, 121 L.Ed.2d 191 (1992). An assessment, in turn, is an "administrative determination of tax liability and is made by recording the liability in the office of the District Director." *In re Western Trading Co.*, 340 F.Supp. 1130 (D.Nev.1972) (citing I.R.C. § 6203); *Kurio v. United States*, 281 F.Supp. 252, 255 (S.D.Tx.1968). The IRS, in practice, "makes assessments by having an assessment officer fill out and sign a 'summary record of assessment,' also known as a Form 23C." *Geiselman*, 961 F.2d at 5. "The 23C date on Form 4340 indicates the date on which the Form 23C was signed, the date of the assessment, and provides evidence that the tax was actually assessed by completing the Form 23C." *Huff v. United States*, 10 F.3d 1440, 1446 n. 5 (9th Cir.1993), *cert. denied*, 512 U.S. 1219, 114 S.Ct. 2706, 129 L.Ed.2d 834 (1994).

■ The IRS, as defendant correctly notes, allows interest to accrue unassessed. *Greenhouse v. United States*, 780 F.Supp. 136, 142 n. 14 (S.D.N.Y.1991); *see also United States v. Webster*, 94–2 U.S.T.C. ¶ 50,424 (analyzing distinction between assessed and unassessed interest). In such instances, taxpayers, as the court in *Greenhouse v. United States* noted, "[can] not ... receive[ ] notice and demand [for interest] which, though accrued, was unassessed[,]" because letters of notice and demand [12] are issued only upon the actual *assessment* of penalties and interest. *Greenhouse*, 780 F.Supp. at 142 n. 14. Thus, a Certificate of Assessments, in accord with its title and the legal significance given to it, is indicative of *assessments* actually made by the IRS. Accordingly, a Certificate of Assessments would not include interest which had accrued on the penalty, but which had not been assessed in the manner described *supra*. Our interpretation is further supported by examining the Certificate of Assessments itself. It is readily apparent that the transactions recited in the Certifi-

---

12. The notice and demand provision of the Internal Revenue Code provides, in pertinent part, that:

[T]he Secretary shall, as soon as practicable, and within 60 days, *after the making of an assessment of a tax* pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payments thereof.

I.R.C. § 6303(a) (emphasis added).

cate of Assessments are grouped into one of several categories: "Assessments"; "Credits"; "Balance"; "DLN or Acct No."; "23C Date"; and "Period." [13] Accrued, though unassessed, interest does not appear to fall within either one of these groupings. Thus, we find that the Certificate of Assessments does not reflect interest which, though accrued, has not been assessed.

■ Moreover, we find that plaintiff's reliance on the sworn statement recited in the Certificate of Assessments does not lend support to his position. The statement reads as follows:

I swear that the forgoing transcript of the taxpayer named above in respect to the taxes specified, is a true and complete transcript for the period stated, of all assessments, penalties, interests, abatements, credits, refunds, and advance or unidentified payments relating thereto as disclosed by the records of this office as of the date of this certification.

Plaintiff construes this statement to mean that all interest, both assessed and unassessed, as of the certification date, is taken into consideration when calculating the balance reflected on the Certificate of Assessments. Plaintiff does not cite to any statute, regulation, or case to support his interpretation. Rather, he points to a section in the Internal Revenue Manual (IRM) which indicates that transcripts of accrued interest are available to IRS agents when they process an offer-in-compromise (OIC). *See* IRM 8114, Subsection 452, para. (3)(d).[14] Therefore, plaintiff concludes that "given the availability of accrued interest information from the transcripts of account of the Internal Revenue Service, a sworn statement . . . that the certificate reflects 'all . . . interest .. as reflected in the records of this office. . . .' must include accrued but unassessed interest."

**13.** For purposes of completeness, we note that the Certificate of Assessments has two additional headings, *i.e.*, "Date" and "Explanation of Transactions." Upon indicating the transaction involved, it is then classified into one of the categories noted above.

**14.** We note that the IRM "[does] not have the force and effect of law" (*United States v. Horne*, 714 F.2d 206, 207 (1st Cir.1983)), is "adopted

We do not agree. Plaintiff apparently presumes that a transcript of accrued interest comes within the contemplation of "records" as that word is used in the sworn statement. The records to which the statement refers likely includes those records created in the course of making valid assessments, as discussed *supra*, or other official documentation reflecting payments/credits attributed to the taxpayer. Further, upon review of the IRM section cited to by plaintiff, we cannot determine whether such transcripts are certified or simply computer printouts calculating the accrued interest.[15] Therefore, in the absence of any authority to support plaintiff's presumption that transcripts used to process an OIC come within the meaning of "records" as used in the sworn statement set forth in the Certificate of Assessments, we cannot agree with plaintiff's position.

Irrespective of the foregoing analysis, the issue presented at bar is ultimately resolved in favor of the defendant upon application of the relevant statute. We reiterate that plaintiff does not contest that the government is entitled to statutory interest, but only that the government's recovery is limited to statutory interest accruing upon the balance of the amount reflected on the Certificate of Assessments. Plaintiff's position is simply untenable, given the controlling language of I.R.C. § 6601.

Section 6601(e)(2)(A) provides that: "Interest *shall* be imposed under subsection (a) in respect of any assessable penalty. . . ." I.R.C. § 6601(e)(2)(A) (emphasis added). Section 6601(a), in turn, instructs us that:

If any amount of tax imposed by this title . . . is not paid on or before the last date prescribed for payment, interest on such amount at the underpayment rate established under section 6621 *shall be paid for the period from such last date to the date paid.*

solely for the internal administration of the IRS . . . [, and] does not confer any rights upon the taxpayer." *United States v. Will*, 671 F.2d 963, 967 (6th Cir.1982). Accordingly, we do not consider the section cited to therein to be persuasive.

**15.** Section (3)(d) refers to a "transcript MFTRAX." The section provided by plaintiff does not elaborate any further on the nature of this transcript.

I.R.C. § 6601(a) (emphasis added). The only material issue of fact to be resolved here, under the terms of this statute, is whether or not the penalty, *i.e.*, I.R.C. § 6672, was properly assessed against Edmond Ghandour. Having determined, upon a trial of the merits, that the I.R.S. properly assessed the penalty against the plaintiff, Edmond Ghandour *must* pay, pursuant to the mandatory language of I.R.C. § 6601, interest that accrued on said penalty as of the last date prescribed for payment until full satisfaction of the penalty and the accrued statutory interest is made.

The significance of I.R.C. § 6601 is further explained by the Seventh Circuit. That court stated, in response to the frustration resulting from the government's inability to show how much interest was owed to the government at trial, that:

> Interest on ... [a] § 6672 penalty accrues by operation of statute. *See* 26 U.S.C. § 6601(e)(2). Thus, the amount of [interest] owed is a matter of law, not of evidence. It is not something the government must prove....

*United States v. Schroeder*, 900 F.2d 1144, 1150 n. 5 (7th Cir.1990). We further recognize that because the statute is couched in mandatory language, it does not grant authority, in this instance, to the government to eschew the ultimate assessment of interest on the already-assessed penalty. Accordingly, because interest accrues on an assessed penalty by operation of law, the Certificate of Assessments, as defendant correctly contends, cannot "alter the amount of interest to which [the government] is entitled to recover."[16]

Finally, we note that interest is imposed on a penalty assessed pursuant to I.R.C. § 6672 because, as the Ninth Circuit states, were it otherwise:

> [A] responsible party could evade corporate taxes with the knowledge that his potential liability could never exceed the initial tax liability, and that any lapse of time between assessment and collection would work to his advantage because interest could not accrue on the penalty. The

tax code does not contemplate the interest-free use of government funds.

*Holland v. United States*, 873 F.2d 1321, 1322 (9th Cir.1989). If we were to find for Edmond Ghandour, the government would be denied the receipt of interest that accrued as a matter of law from December 15, 1986, the date of the last assessment of interest reflected on the Certificate of Assessments, to December 3, 1993, the certification date of the Certificate of Assessments. Depriving the government of nearly six (6) years of interest runs contrary to both the language of and purpose behind I.R.C. § 6601. Therefore, we cannot and do not reach such a legal conclusion.

Given that interest on an I.R.C. § 6672 penalty is by statute necessarily imposed pursuant to I.R.C. § 6601(e)(2), we do not find that the government's recovery is limited to the balance indicated on the Certificate of Assessments plus interest accruing thereafter. Rather, defendant is entitled to damages representing the assessed penalty, and all interest accruing thereon from the date the penalty was assessed, *i.e.*, April 8, 1985, as required by law. Lastly, pursuant to 28 U.S.C. § 1961(c), we impose interest on this judgment until paid.

### CONCLUSION

For the foregoing reasons, we find that there are no genuine issues of material fact regarding the amount of damages plaintiff, Edmond Ghandour, is liable to the government and defendant is entitled to judgment as a matter of law. Therefore, defendant's motion for partial summary judgment is hereby GRANTED, and plaintiff's cross-motion for partial summary judgment is hereby DENIED. Pursuant to RCFC 54(b), there being no just reason for delay, the Clerk shall now enter judgment in favor of defendant and against plaintiff Edmond Ghandour in the amount consistent with this opinion. Further, the parties shall forthwith file the agreed upon Stipulation for Entry of Judgment as to Anna Ghandour, signed by Mrs. Ghandour, so that judgment can then be entered as to Anna Ghandour.

---

16. Def. Reply Br. at 3.

In view of this opinion on the parties' cross-motions for summary judgment, the pending motion for entry of judgment as to Edmond Ghandour is hereby moot.

IT IS SO ORDERED.