10-3711-ag
Wright v. Comm'r

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of March, two thousand twelve.

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
                         *Circuit Judges.*[1]

RAYMOND WRIGHT,

       *Petitioner-Appellant*,

       v.                            10-3711-ag

COMMISSIONER OF INTERNAL REVENUE,

       *Respondent-Appellee*.

For Appellant:     Raymond Wright, *pro se*, New York, NY.

For Appellee:      Sara Ann Ketchum & Robert W. Metzler *for* Gilbert S. Rothenberg, Acting Deputy Assistant Attorney General, Tax Division, U.S. Department of Justice, Washington, D.C.

Appeal from an order of the United States Tax Court (Colvin, *C.J.*).

---

[1] The Honorable Roger J. Miner, originally a member of the panel, died on February 18, 2012. The two remaining members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b); *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Tax Court's order is **VACATED** and the case **REMANDED** for further proceedings.

Appellant Raymond Wright, proceeding *pro se*, appeals from the Tax Court's grant of summary judgment in favor of the Commissioner of Internal Revenue (the "Commissioner"). The Tax Court found that, although Wright's tax liabilities had been fully paid, he was not entitled to any additional abatement of interest. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review the Tax Court's grant of summary judgment de novo, *Eisenberg v. Comm'r*, 155 F.3d 50, 53 (2d Cir. 1998), and its application of its own procedural rules and discovery rulings for abuse of discretion, *see Sunik v. Comm'r*, 321 F.3d 335, 337 (2d Cir. 2003); 26 U.S.C. § 7482(a)(1) (tax court decisions reviewed in same manner as decisions from district courts in civil cases).

"Summary judgment under [Tax Court] Rule 121 is derived from [R]ule 56 of the Federal Rules of Civil Procedure. Hence, in any question turning on the interpretation of Rule 121, the history of [R]ule 56 [of the] Federal Rules of Civil Procedure, and the authorities interpreting such rule are considered by the Tax Court," *Espinoza v. Comm'r*, 78 T.C. 412, 415-16 (1982), and, of course, by us. Summary judgment is properly granted where no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. *See, e.g.*, *Briones v. Runyon*, 101 F.3d 287, 291 (2d Cir. 1996).

Construing Wright's *pro se* briefs to raise the "strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (quotation marks and emphasis omitted), he contends the district court erred in (1) denying his request for additional discovery to explore alleged errors and misconduct on the part of the Internal Revenue Service ("IRS") that he believes would justify additional abatement of interest to some point in 1991; and (2) declining to consider his argument that he did not receive a 1994 refund of $960, which he argues came to light in an exhibit attached to a 2005 motion for summary judgment filed by the Commissioner. We hold that, although the Tax Court's discovery ruling was not an abuse of discretion, its failure to consider Wright's argument with respect to the 1994 refund was error.

Because the Tax Court in 2006 already permitted—indeed, ordered—discovery into all credits, refunds, and overpayments relevant to Wright's 1987 and 1989 tax liabilities pursuant to our 2004 mandate, *see Wright v. Comm'r*, 92 T.C.M. (CCH) 525, 2006 WL 3782718, at *2 (T.C. 2006), the Tax Court in 2010 did not abuse its discretion in denying additional discovery. To the extent Wright sought an abatement of interest due to IRS delay in crediting his withholdings until 2001 under I.R.C. § 6404(e)(1), that issue was decided by the Tax Court in 2002 and was not one of the "two claims that the IRS could not refute or explain and that g[a]ve us pause" on appeal in 2004, *Wright v. Comm'r*, 381 F.3d 41, 44 (2d Cir. 2004). *See United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001) ("The mandate rule compels compliance on remand with the

2

dictates of the superior court and forecloses relitigation of issues expressly or *impliedly* decided by the appellate court.") (quotation marks omitted). In vacating the Tax Court's earlier decisions in 2004, we did not reopen all issues falling under the scope of section 6404(e). Moreover, Wright did not need discovery to refute the IRS's interest calculations. *See United States v. Sarubin*, 507 F.3d 811, 816 (4th Cir. 2007) ("Although establishing the amount of *tax* liability is a matter of evidence, the amount of *interest* accrued on such tax liability is a matter of law."); *United States v. Schroeder*, 900 F.2d 1144, 1150 n.5 (7th Cir. 1990) (because interest accrues as a matter of law, the amount of interest "owed is a matter of law, not of evidence").

However, the Tax Court erred in declining to consider Wright's final argument, which was that he did not receive a 1994 refund for $960. On remand, the Tax Court should resolve this last issue and determine whether the 1994 refund – if such refund was due to Wright – was sent to him. If it finds that Wright did *not* receive the refund (or that it was *not* applied to his 1987 or 1989 tax years), it should credit his liability as of the earliest date on which the $960 overpayment could be credited, abate interest accordingly, and order the Commissioner to issue an appropriate refund. Alternatively, if the Tax Court finds that the 1994 refund *was* sent to Wright (or *was* in fact applied to his 1987 and 1989 tax years), it should affirm its prior determinations. Once this issue is resolved, nothing remains to be done on remand.

We have considered Wright's remaining arguments on appeal and conclude that they are without merit. Additionally, we find the arguments contained in Wright's motion to "renew[] order to submit documents on record" to be either moot or without merit.

For the foregoing reasons, the order of the Tax Court is hereby **VACATED** and the case **REMANDED** for further proceedings. Wright's motion to "renew[] order to submit documents on record" is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3