T.C. Memo. 2013-68

UNITED STATES TAX COURT

RAYMOND WRIGHT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6240-01L.                    Filed March 11, 2013.

Raymond Wright, pro se.

<u>Marie E. Small</u>, for respondent.

SUPPLEMENTAL MEMORANDUM OPINION

CARLUZZO, <u>Special Trial Judge</u>:  Although required to do so, petitioner

failed to file a Federal income tax return for 1987 or 1989 or timely pay his

Federal income tax due for those years.  "Bad things happen if you fail to pay

federal income taxes when due."  <u>Hinck v. United States</u>, 550 U.S. 501, 502

(2007).  Want proof?  Review the litigation history with respect to the

[*2] determination, redetermination, and collection of petitioner's 1987 and 1989 Federal income tax liabilities.  Start with Wright v. Commissioner, T.C. Memo. 1998-224, aff'd without published opinion, 173 F.3d 848 (2d Cir. 1999) (deficiency case), then Wright v. Commissioner, T.C. Memo. 2002-312, vacated and remanded, 381 F.3d 41 (2d Cir. 2004), then Wright v. Commissioner, T.C. Memo. 2006-273, vacated and remanded, 571 F.3d 215 (2d Cir. 2009), and then Wright v. Commissioner, 471 Fed. Appx. 21 (2d Cir. 2012) (vacating and remanding the order and decision entered in this case on June 2, 2010).  After more than a thousand pages of trial transcripts and decades after petitioner's 1987 and 1989 Federal income taxes were due, the parties continue to dispute the extent to which those liabilities have been paid or overpaid, but there is some light at the end of the tunnel.

The matter is once again before this Court on remand from the U.S. Court of Appeals for the Second Circuit for further consideration consistent with its summary order and mandate in Wright v. Commissioner, 471 Fed. Appx. 21. Viewed against the history of this case, our charge in this third remand is narrow. The issue now before us is whether a 1994 Federal income tax refund apparently due to petitioner should be credited against his 1987 and 1989 Federal income tax

**[*3]** liabilities, including the interest accrued on those liabilities (underlying liabilities). More specifically, the mandate currently in effect requires that we decide "whether the 1994 refund - if such refund was due to Wright - was sent to him." As noted in the mandate, such a finding is required in order to address petitioner's "argument that he did not receive a 1994 refund of $960".

A further trial was conducted to allow for the introduction of evidence regarding the processing of petitioner's 1994 Federal income tax refund. The evidence introduced at the further trial consists entirely of evidence respondent offered, which includes respondent's records with respect to petitioner's 1994 Federal income tax liability. According to those records, the $960 overpayment of petitioner's 1994 Federal income tax was refunded to him in due course in May 1995. That being so, respondent argues that petitioner is not entitled to credit the overpayment of his 1994 Federal income tax against the underlying liabilities.

Petitioner declined to testify at the further trial. Instead, as he did with respect to his 1993 Federal income tax refund, petitioner challenges the reliability of respondent's records and argues that those records fail to prove that he actually received the 1994 Federal income tax refund apparently due to him.

**[\*4]**  The circumstances surrounding the treatment of petitioner's 1993 Federal income tax refund are more than adequately recited in the above-referenced opinions and order.  No point would be served in repeating that entire history here.  Suffice it to note that as it turned out, we found that petitioner did not receive a refund of overpaid 1993 Federal income tax even though respondent's records suggest that he did.[1]  For our purposes we need comment only on some of the differences between 1993 and 1994.

First and foremost, petitioner has presented no evidence, by his own testimony or otherwise, showing that he has not been given credit for the 1994 overpayment by refund or otherwise.[2]  Second, unlike the situation with respect to 1993, none of the witnesses called to testify addressed a Federal income tax refund due to petitioner for 1994.  Third, unlike respondent's records for petitioner's 1993 Federal income tax liability, respondent's records with respect to petitioner's

---

[1]The effects of the overpayment of petitioner's 1993 Federal income tax on the underlying liabilities have now been taken into account and are reflected in the decision entered on June 2, 2010.

[2]Petitioner's statement that he "received no such refund, either directly or indirectly", made in his status report filed July 23, 2012, does not constitute evidence.  See Rule 143(c), Tax Court Rules of Practice and Procedure.  Furthermore, nothing in the record suggests that the "IRS correspondence" referenced in para. 4 of that status report relates to the overpayment of petitioner's 1994 Federal income tax liability.

**[\*5]** 1994 Federal income tax liability do not show that a "hold" was placed on the refund. Fourth, unlike the situation with respect to the overpayment of petitioner's 1993 Federal income tax, nothing in the record suggests that petitioner requested that the overpayment of his 1994 Federal income tax be applied to the underlying liabilities, which had not yet been assessed as of the date that respondent's records show the 1994 refund to have been issued.[3] Fifth, nothing in the record suggests that petitioner timely contacted respondent to inquire about a refund of Federal income tax that he now argues he did not receive. Lastly, and for purposes of petitioner's claim to an abatement of interest, respondent's records show that the overpayment of petitioner's 1994 Federal income tax was not credited against the underlying liabilities, and nothing submitted in evidence by either party suggests that it should have been.

We consider petitioner's "argument that he did not receive a 1994 refund of $960" against respondent's evidence that shows otherwise. Under the circumstances, petitioner's argument is no substitute for evidence. See Estate of

---

[3]In order to give effect to petitioner's request that the overpayment of his 1993 Federal income tax liability be credited against what were then nothing more than proposed deficiencies, respondent requested that he consent to the assessment of the proposed deficiencies. Petitioner refused or otherwise failed to do so, and the assessments of the underlying liabilities were ultimately made pursuant to the decision entered on June 24, 1998, in the deficiency case. See I.R.C. sec. 6213(a), (c).

- 6 -

**[*6]** <u>Runnels v. Commissioner</u>, 54 T.C. 762, 767 (1970).  Taking into account the presumption of regularity, <u>see</u> <u>United States v. Chem. Found., Inc.</u>, 272 U.S. 1, 14-15 (1926) ("The presumption of regularity supports the official acts of public officers, and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties."), and in the absence of any evidence:  (1) in support of petitioner's argument; or (2) otherwise in conflict with respondent's records with respect to petitioner's 1994 Federal income tax liability, we find that the events recorded in those records occurred as indicated.  That being so, petitioner is not entitled to any credit against the underlying liabilities attributable to the overpayment of his 1994 Federal income tax.

To reflect the foregoing,

<u>An appropriate decision will be entered</u>.