Wright v. Commissioner of Internal Revenue

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 9th day of May, two thousand fourteen.

Present:     JOHN M. WALKER, JR.,
             ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
                       *Circuit Judges*.

_____

RAYMOND WRIGHT,

                       *Petitioner-Appellant*,

             -v-                                              13-2664-ag

COMMISSIONER OF INTERNAL REVENUE,

                       *Respondent-Appellee*.

_____

Appearing for Appellant:     Raymond Wright, New York, N.Y.

Appearing for Appellee:      Sarah Ann Ketchum, Tax Division, U.S. Department of Justice
                             (Kathryn Keneally, Assistant Attorney General; Robert William
                             Metzler, *on the brief*), Washington, D.C.

Appeal from a Decision of the United States Tax Court (Carluzzo, *T.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Decision of said Tax Court be and it hereby is **AFFIRMED**.

Raymond Wright, proceeding *pro se*, appeals from the United States Tax Court's April 4, 2013 Decision, entered after an evidentiary hearing and finding that he received a 1994 tax refund for $960. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the single issue presented on appeal.

We review a tax court's conclusions of law *de novo* and its findings of fact for clear error. *Diebold Found., Inc. v. Comm'r*, 736 F.3d 172, 182 (2d Cir. 2013); *see also* 26 U.S.C. § 7482(a)(1).

Our independent review of the record and relevant case law confirms that the Tax Court did not clearly err by finding that Wright received his 1994 refund. The Commissioner presented prima facie evidence of Wright's receipt of the refund in the form of a Certificate of Assessments and Payments and a Certificate of Official Record confirming a $960 refund for the 1994 tax year. *See United States v. Josephberg*, 562 F.3d 478, 488-89 (2d Cir. 2009) (tax assessment certificates considered prima facie evidence of tax owed by defendant in tax evasion case). Wright did not submit any documentary or testimonial evidence in opposition. Although he argued that the evidence did not prove that his refund was mailed to him or that he actually received it, the "presumption of regularity supports the official acts of public officers, and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties." *United States v. Chem. Found., Inc.*, 272 U.S. 1, 14-15 (1926); *see also Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 174 (2004) ("[W]here the presumption is applicable, clear evidence is usually required to displace it.").

Although Wright argues that the issue of his 1994 refund had already been decided, his argument is based on prior Tax Court findings regarding *his 1993 refund*, which is a separate, settled issue no longer before our Court. Indeed, we remanded this matter to the Tax Court in 2012 for the limited purposing of resolving "this last issue," that is, the determination of "whether the 1994 refund . . . was sent to him." *Wright v. Comm'r*, 471 F. App'x 21, 23 (2d Cir. 2012). While Wright asserts that the Tax Court ignored a "factual pattern" of mistakes by the Internal Revenue Service, the Tax Court accurately explained why it found the reliability of the evidence supporting the receipt of his 1994 refund distinct from the circumstances surrounding his 1993 refund.

Wright's argument that the Tax Court improperly shifted the burden to him is without merit. The court explained to Wright that the Commissioner had submitted its evidence, and that Wright had the opportunity to submit whatever factual evidence he had. Ultimately, the court relied on the only evidence before it, rebutted only by Wright's arguments regarding the unreliability of the evidence. The record also reflects that the Tax Court specifically asked Wright if he wished to testify. Wright made clear that he did not want to testify, but only to "respond" to the Commissioner's evidence. The record does not reflect that Wright intended for his statements to be taken as testimony or as factual evidence.

Finally, Wright's argument that the court improperly denied his motion for summary judgment is unavailing, as summary judgment is not appropriate when there remain disputes of material fact, as was the case here. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

2

We have considered Wright's remaining arguments and find them to be without merit. Accordingly, the order of the Tax Court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk